UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AL HIMYARI, ET AL., | Case No. 18-10242 |
| Plaintiffs, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| CISSNA, ET AL., | U.S. MAGISTRATE JUDGE |
| | STEPHANIE DAWKINS DAVIS |
| Defendants. | |

**ORDER GRANTING DEFENDANTS' AMENDED MOTION TO DISMISS [42]**

Plaintiffs, Yemeni nationals and their U.S. citizen and/or lawful permanent resident family members petitioning on their behalf, commenced this action seeking a writ of mandamus ordering U.S. Citizenship and Immigration Services ("USCIS") to compel adjudication of their Form I-130 petitions on that grounds that adjudication has been unlawfully withheld and unreasonably delayed.

Before the Court is Defendants' Amended Motion to Dismiss the Third Amended Complaint [42] filed on September 20, 2018. The Motion is fully briefed. On April 11, 2019, the Court held a hearing on the Motion. For the reasons explained below, the Court will **GRANT** Defendants' Motion to Dismiss [42].

**FACTUAL BACKGROUND**

Plaintiffs are Yemeni nationals and their U.S. citizen and/or lawful permanent resident family members petitioning on their behalf. Plaintiffs have filed Form I-

130s, Petitions for Alien Relative, with USCIS in accordance with the Immigration and Nationality Act ("INA"). These petitions provide a means for citizens and lawful permanent residents to help family members abroad legally immigrate to the United States. Plaintiff-Beneficiaries seek lawful admission to this country to escape the war in Yemen and to reunite with their families who live here.

Form I-130 applications require that the petitioner provide documentary evidence which establishes his or her familial relationship with the beneficiary abroad. 8 C.F.R. § 204.1. This includes primary evidence, such as birth certificates and passports; and secondary evidence, such as affidavits, medical records, and religious documents where necessary. 8 C.F.R. § 204.2. As part of the adjudication process, USCIS may also request additional evidence and conduct in-person interviews.

In processing I-130s, USCIS subjects petitions from Yemen to greater scrutiny than it does petitions from other countries. The policy for Yemeni I-130 petitions ("the Policy") is set forth in Chapter 21 of USCIS's Adjudicator's Field Manual. USCIS Adjudicator's Field Manual, Chapt. 21.2 Factors Common to the Adjudication of all Relative Visa Petitions, Petitions on Behalf of Aliens from Yemen, *available at* https://www.uscis.gov/ilink/docView/AFM/HTML/AFM/0-0-0-1/0-0-0-3481/0-0-0-3513.html#0-0-0-387.

The Policy is expanded upon in a USCIS Policy Memorandum issued on May 25, 2012. USCIS Policy Memorandum, Supplemental Guidance for Adjudicating Family-Based Petitions Supported by Relationship Documents Actually or Purportedly Issued by a Civil Authority in Yemen; Revisions to the Adjudicator's Field Manual (AFM) Chapter 21 (2012).

USCIS routinely approves I-130 petitions from other countries upon receipt of the application and primary evidence. In adjudicating Yemeni petitions, however, USCIS requires petitioners to submit secondary evidence (including DNA evidence) and participate in interrogative in-person interviews. This heightened scrutiny and security results in lengthy processing times for Yemeni petitions.

## Relevant Procedural History

On January 22, 2018, Plaintiffs, through counsel, filed a Petition for a Writ of Mandamus seeking prompt, good faith adjudication of their pending I-130s under the Administrative Procedures Act ("APA").

On September 5, 2018, Plaintiffs filed a Third Amended Complaint [37]. Defendants filed a Motion to Dismiss [41] on September 18, 2018, and an Amended Motion to Dismiss [42] on September 20, 2018. Plaintiffs filed a Response [43] on October 9, 2018. Defendants filed a Reply [45] on October 23, 2018.

On April 11, 2019, the Court held a hearing on the Motion at which it ordered the parties to file supplemental briefing and provide a status update on Plaintiffs' pending I-130s. On May 24, 2019, the parties filed supplemental briefs [58, 59].

## STATUS OF I-130 PETITIONS

Defendants have submitted documentation which establishes that USCIS has adjudicated most of the I-130 petitions in the Third Amended Complaint ("Complaint"). Of the sixty petitions referenced in the Complaint, a total of seven remain pending.

Four of the seven were filed by Plaintiff-Petitioner Wail Hussein, a U.S. lawful permanent resident petitioning on behalf of his spouse and three children. The Hussein family's case is being processed at the Detroit Field Office.

Of the three additional petitions, two (filed by Gamal Alkaream Alharbi and Mohamed Al Ameri) are pending at the New York Field Office and one (filed by Hayan Kassim) is pending at the Nebraska Service Center.

## LEGAL STANDARDS

Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. "[Plaintiffs] ha[ve] the burden of proving jurisdiction in order to survive the motion." *Mich. S. R.R. Co. v. Branch & St. Joseph Cntys. Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002).

Defendants also move to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, [plaintiffs] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a Rule 12(b)(6) motion to dismiss, the Court must "assume the veracity of [the plaintiffs'] well-pleaded factual allegations and determine whether the plaintiff[s] [are] entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

## ANALYSIS

Plaintiffs allege that Defendants have unlawfully withheld and unreasonably delayed the adjudication of their I-130 petitions in violation of the APA. Third Amend. Compl. ¶ 323(c). Plaintiffs further allege that by subjecting their I-130 petitions to a separate adjudicative scheme and causing unreasonable delay in the adjudication process, Defendants have violated their constitutional rights to be free from discrimination on the basis of race, religion, and national origin. Third Amend. Compl. ¶¶ 348-49.

Plaintiffs' prayer for relief is two-fold: an order mandating proper, and prompt, adjudication of all pending I-130s within thirty days; and a declaration that

Defendants' delay in the adjudication of Plaintiffs' I-130s violates their constitutional rights and is unlawful and unreasonable under the APA.

### A. The claims of Plaintiffs whose I-130 petitions have already been adjudicated are moot.

This Court may not retain jurisdiction over a case "in which one or both of the parties plainly lacks a continuing interest." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 170 (2000). Consequently, claims must be dismissed as moot where "no effective relief for the alleged violation can be given." *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004).

Defendants argue that the Court should dismiss as moot the claims of the fifty-three Plaintiffs whose I-130s have been adjudicated because these Plaintiffs have already received the relief sought at the commencement of this action.

Plaintiffs concede that an APA claim brought by a petitioner demanding an order compelling adjudication of an application filed with USCIS becomes moot if the application is approved or denied. *See Kembi v. I.N.S.*, 8 Fed. App'x. 328, 330 (6th Cir. 2001).

Plaintiffs argue, however, that their claims are not moot because they are "capable of repetition, yet evading review." This limited exception to the mootness doctrine applies where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable

expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).

Plaintiffs contend that it is possible that none of their petitions will remain pending long enough to litigate the constitutionality of the Policy. Plaintiffs further contend that there is a reasonable expectation that they may file I-130 petitions on behalf of different relatives in the future or reapply on behalf of the same relatives following denial of their petition.[1]

Plaintiffs fail to satisfy the first prong. Because there are no specific time limits within which USCIS must process I-130 applications, Plaintiffs cannot establish that the adjudication process is inherently limited in duration for purposes of satisfying this exception to the mootness doctrine. *See Doe No. 1 v. Reed*, 697 F.3d 1235, 1240 (9th Cir. 2012) (noting that "cases that qualify under prong one present controversies of inherently limited duration.").

Moreover, Plaintiffs' argument for evading mootness undermines their request for expeditious adjudication of their I-130s. Plaintiffs seek prompt adjudication under § 706(1), but complain, for the sake of saving their constitutional

---

[1] Plaintiffs' counsel has filed near-identical actions in the Northern District of California, Southern District of New York, and Eastern District of New York. The Northern District of California found the plaintiffs' claims moot because they could not show that they were of inherently limited duration. *Mohamed v. Nielsen*, No. 18-cv-00467-SK, 2018 WL 4361183, at *2 (N.D. Cal. Sept. 11, 2018). The decision is on appeal with the Ninth Circuit.

claims, that USCIS may adjudicate their I-130s too quickly to sustain a live controversy for purposes of judicial review.

But Plaintiffs cannot separate their constitutional claims from their APA claims. The APA is the statute under which Plaintiffs assert their cause of action. Furthermore, the APA provides the applicable waiver of sovereign immunity in cases, such as this one, where Plaintiffs seek injunctive relief from the federal government for alleged legal wrongs, including constitutional violations. *See Krafsur v. Davenport*, 736 F.3d 1032, 1036 (6th Cir. 2013). That Plaintiffs have challenged the constitutionality of the Policy in conjunction with their claim to compel agency action does not remove such claims from the scope of the APA. *See Alkady v. Luna*, No. 1:18-CV-1-TLS, 2019 WL 984233, at *4 (N.D. Ind. Feb. 28, 2019) ("[I]nvoking the violation of a constitutional right does not impart federal subject matter jurisdiction where there is no actual case or controversy.").

Finally, Plaintiffs' claim that this Court will never have the opportunity to reach the underlying constitutional issues because Defendants could render moot any individual claim by issuing an adjudication decision is unfounded. Should a petitioner whose I-130 has been adjudicated seek review of that decision, and wish to raise any constitutional concerns underlying the decision, she may either administratively appeal to the Board of Immigration Appeals or file suit in a district court for review of a final agency action under § 706(2). As the Court understands

it, Plaintiffs here ask the Court not to set aside USCIS's findings under § 706(2), but rather to compel agency action under § 706(1).

Fifty-three Plaintiffs have received precisely the agency action they seek to compel.[2] *See Alkady*, 2019 WL 984233, at *4 (dismissing the claims as moot where the plaintiffs were not "challenging the discretionary grant or denial of individual petitions . . . . all that [was] left [was] to compel adjudication, which [was] a duty the Defendants ha[d] already performed."). The claims of these Plaintiffs are moot because neither an order compelling adjudication of their I-130 petitions nor an order declaring that the Policy discriminates against them in violation of the Constitution would affect them. *See McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997). Because fifty-three Plaintiffs cannot establish that their claims fall within an exception to the mootness doctrine, the Court will dismiss them from this action.[3]

---

[2] Plaintiffs' counsel has successfully obtained relief for fifty-three of her clients. As the Court stated at the hearing: "I think you are underestimating the good that you have done for your clients by not recognizing that you have already a major portion [of] the relief you sought which is to get immediate consideration of those 60 people who started this case." Hr'g Tr. 40:3-7, Apr. 11, 2019. The Court pauses to note that it would consider counsel's relative success in a post-judgment motion for attorney's fees.

[3] Plaintiffs also assert the "voluntary cessation" exception to mootness which provides that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth*, 528 U.S. at 189. This exception does not save Plaintiffs' claims. Even if the Court were to find that adjudication of Plaintiffs' I-130s did not moot their claims, the Court would still dismiss Plaintiffs from this action because their claims

### B. Venue is improper for Plaintiffs whose I-130 petitions are pending outside of this District.

The I-130 petitions of Gamal Alkaream Alharbi, Mohamed Al Ameri, and Hayan Kassim are pending at USCIS offices outside of Michigan. According to Defendants' submissions: Alharbi is a U.S. citizen and New York resident whose petition is pending at the New York Field Office; Al Ameri is a lawful permanent resident and New York resident whose petition is pending at the New York Field Office; and Kassim is a U.S. citizen and Saudi Arabian resident whose petition is pending at the Nebraska Service Center. Dkt. #59 at 3. Plaintiffs do not dispute these representations.

Under the doctrine of forum non conveniens, the Court declines to exercise jurisdiction over these Plaintiffs. *See Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 492 (6th Cir. 2016). In reaching its decision, the Court considers three factors: the degree of deference owed to Plaintiffs' choice of forum, whether an adequate alternative forum exists, and the extent to which Plaintiffs' chosen forum is unnecessarily burdensome. *Id.*

First, little deference is owed to Plaintiffs' choice of forum as these Plaintiffs neither reside in this District nor have petitions pending here. Plaintiffs have not

---

are not ripe for review. *See Ammex, Inc. v. Cox*, 351 F.3d 697, 706 (6th Cir. 2003) (noting that "the ripeness inquiry arises most clearly when litigants seek to enjoin the enforcement of statutes, regulations, or policies that have not yet been enforced against them.").

provided the Court with any documentation suggesting that they have connections to Michigan or the Detroit Field Office. Second, the Southern District of New York is a suitable alternative for Alharbi and Al Ameri to litigate their claims.[4] With respect to Kassim, who resides in Saudi Arabia, the jurisdiction where his petition is pending is a more appropriate forum than Detroit. Finally, the Court has little interest in engaging in a fact-intensive review of I-130 petitions filed by petitioners who have no connection to this District. *See id.* at 500. Therefore, the Court will dismiss their claims without prejudice to refiling in the appropriate forum.

### C. Plaintiffs whose I-130 petitions are pending at the Detroit Field Office have failed to state a claim for relief.

Plaintiffs Wail Hussein and his beneficiaries ("Hussein family") request a writ of mandamus ordering Defendants to properly adjudicate their I-130 petitions and issue a final decision within thirty days. Plaintiffs allege that Defendants have unreasonably delayed and withheld their nondiscretionary duty to adjudicate Plaintiffs' I-130 petitions in violation of the APA and Fifth Amendment. Third Amend. Compl. ¶¶ 316-318.

On February 26, 2018, Wail Hussein filed four I-130 petitions on behalf of his spouse and three minor children. Plaintiffs argue that the sixteen-month period

---

[4] In the action currently pending in S.D.N.Y., Plaintiffs' counsel may wish to seek leave to amend the complaint to add Alharbi and Al Ameri as plaintiffs. *See Altowaiti, et al. v. Nielchild, et al.*, No. 18-cv-00508 (S.D.N.Y. Jan. 19, 2018).

within which their applications have been pending satisfies the "unreasonable delay" standard for purposes of stating a claim under § 706(1). Plaintiffs note that sixteen months is more than Congress's recommended processing time of 180 days for immigrant benefit applications. *See* 8 U.S.C. § 1571. Plaintiffs further note that the average processing times for I-130s were 7.7 months in 2017 and 9.6 months in the first half of 2018. Plaintiffs maintain that the delay is rooted in discrimination against Yemenis based on national origin.

Defendants argue that general USCIS processing times are of limited use in determining whether the sixteen-month delay is so unreasonable as to warrant mandamus relief. According to Defendants, this is because the processing time for an I-130 petition depends heavily on the facts of the case. Defendants point out that one of the reasons behind the delay here is the discovery of factual inconsistencies in the Hussein family's petitions. These inconsistencies are set forth in detail in the declaration of USCIS Officer Batol Makki. [Dkt. #59-1 at ¶ 6].

Considering the factual inconsistencies in the Hussein family's case, which Plaintiffs do not dispute, the Court cannot say that the sixteen-month delay to which the Hussein family has been subjected is so unreasonable as to warrant the "drastic and extraordinary remedy" of mandamus relief. *See Labaneya v. U.S. Citizenship & Immigration Servs.*, 965 F. Supp. 2d 823, 826–27, 830 (E.D. Mich. 2013) (citing cases which found that a three-year delay was not unreasonable on its face).

Plaintiffs have made no allegations which pertain to the Hussein family's case to support their claim for relief at this time. Accordingly, the Court will dismiss their claims without prejudice.

## Conclusion

Plaintiffs' concerns regarding the constitutionality of the USCIS Policy for adjudicating I-130 petitions from Yemen may be valid. But a lawsuit to compel agency action, filed by claimants whose petitions have already been adjudicated, is not the proper vehicle for challenging the Policy's discriminatory provisions.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss [42] is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims of Plaintiffs Gamal Alkaream Alharbi, Mohamed Al Ameri, Hayan Kassim, and Wail Hussein are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the claims of all remaining Plaintiffs are **DISMISSED as moot**.

**SO ORDERED**.

Dated: July 31, 2019

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge